UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

READ McCARTY, an individual,

      Plaintiff,

v.                                                                                    **Case No.: 3:07-cv-1203-J-20JRK**

CLAWSON CUSTOM CUES, INC., a
Florida Corporation,

      Defendant.

_____/

## ORDER

**THIS CAUSE** is before this Court on Plaintiff Read McCarty's ("McCarty") Motion to Dismiss Count III of Defendant's Counterclaim (Dkt. 8) and Defendant/Counter-Plaintiff Clawson Custom Cues, Inc.'s ("Clawson") response in opposition thereto (Dkt. 11). Upon consideration of the same this Court finds as follows:

### I. Background

On December 20, 2007, McCarty filed a four count Complaint against Clawson. (Dkt. 1). Clawson filed an "Answer, Affirmative Defenses and Counterclaim" (Dkt. 5) on January 23, 2008. Count III of the Counterclaim, Clawson seeks the imposition of a constructive trust. (Dkt. 5, pg. 12).

Specifically, Count III asserts a "construct trust should be created for the benefit of Clawson on the basis that Clawson wrongfully paid Read McCarty payments under the belief that Steve Titus' royalty rights were valid, enforceable and assignable to Read McCarty." (Dkt. 5, pg. 12, ¶ 37). Further, Clawson maintains, "funds rightfully belonging to Clawson were wrongfully diverted to Read McCarty to the detriment of Clawson." (Dkt. 5, pg. 12, ¶ 38). Finally, "[I]t

would be inequitable for Read McCarty to retain the funds wrongfully diverted to him, as he would be unjustly enriched." (Dkt. 5, pg. 12, ¶ 39).

## II. Standard

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the district court is required to construe the complaint broadly, *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint must be viewed in the light most favorable to the plaintiff. *Hawthorne v. MacAdjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). However, as the Supreme Court ruled, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Although Rule 12(b)(6) allows "a well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*; *Watts v. Florida Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007).

The Supreme Court teaches in *Twombly* that a complaint must contain "enough factual matter (taken as true) to suggest" the required element. *Twombly*, 127 S. Ct. at 1965. The rule "does not impose a probability requirement at the pleading stage," but "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Id.* It is adequate if the complaint succeeds in "identifying facts that are suggestive enough to render [the element] plausible." *Id.*

## III. Analysis

McCarty maintains Clawson's Count III fails to allege the first two elements necessary of a Florida construct trust. Florida law, according to Plaintiff, provides the following elements be

a construct trust are: "(1) a promise; (2) transfer of the property and reliance thereon; (3) a confidential relationship; and (4) unjust enrichment." *Bergman v. Slater*, 922 So.2d 1110, 1112 (Fla. 4th DCA 2006). *See Abel v. Sawyer*, 747 So.2d 415 (Fla. 4th DCA 2000).

However, not all Florida appellate court have agreed on the specific requirements for a constructive trust. *Browning v. Browning*, 784 So.2d 1145, 1147 (Fla. 2d DCA 2001)(stating the general elements of a constructive trust "may be constructed in equity where a confidential relationship is abused.  A trust may also be constructed where the mistake is clear and the mistake benefits a third party"); *Williams v. Dep't of Health and Rehabilitative Servs.*, 522 So.2d 951, 954 (Fla. 1st DCA 1988)(listing the elements of a constructive trust as: "(1) a confidential relationship, by which (2) one acquires an advantage which he should not, in equity and good conscience retain.").

Nevertheless, according to the Florida Supreme Court, "[a] constructive trust is properly imposed when, as a result of a mistake in a transaction, one party is unjustly enriched at the expense of another." *In re Estate of Tolin*, 622 So.2d 988, 990-91 (Fla. 1993)(citing *Wadlington v. Edwards*, 92 So.2d 629, 631 (Fla. 1957)).  "The element of intent or agreement either oral or written to create the trust relationship is totally lacking.  The trust is 'constructed' by equity to prevent an unjust enrichment of one person at the expense of another as the result of fraud, undue influence, abuse of confidence or mistake in the transaction that originated the problem." *Wadlington v. Edwards*, 92 So.2d 629, 631 (Fla. 1957)).

Regardless of the conflict between the Florida appellate courts, the Florida Supreme

Court has delineate the requirements for a constructive trust,[1] and Clawson's Counterclaim satisfies those requirements. Moreover, under pleading requirements of Federal Rule of Civil Procedure 8 a party need only allege "a short and plain statement of the claim." Accordingly, Plaintiff's is due to be denied.

Accordingly, it is **ORDERED**:

Plaintiff's Motion to Dismiss Count III of Defendant's Counterclaim (Dkt. 8) is

**DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this /5/ day of April, 2008.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Peter E. Nicandri, Esq.
Michael T. Fackler, Esq.
Thomas J. Fraser, Jr., Esq.

---

[1] In *Silver v. Digges*, No. 6:06-cv-290-Orl-19DAB, 2006 WL 2024935 (M.D. Fla. July 17, 2006) the Court noted a similar situation, some Florida appellate courts required a confidential relationship as a necessary element of a constructive trust. However, the Florida Supreme Court had not so required. *Silver*, 2006 WL 2024935, at *4.

4